E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-01265-S2
2/16/2021 2:41 PM

~Hana~ CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BRIAN SANFORD,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART, INC.,<br>JOHN DOE CORPORATION,<br>and JOHN DOES 1-3.<br>    Defendants. | CIVIL ACTION<br><br>FILE NO.: **21-C-01265-S2** |

### COMPLAINT IN TORT FOR DAMAGES
### AND DEMAND FOR TRIAL BY JURY

COMES NOW Brian Sanford, Plaintiff, and makes and files this complaint against defendants Wal-Mart, Inc., John Doe Corporation, and John Does 1-3 and shows this Honorable Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Brian Sanford is a resident of the State of Georgia and is subject to the jurisdiction of this court.

2.

Wal-Mart, Inc. (hereinafter "Wal-Mart") is a foreign, for-profit corporation existing under the laws of Delaware with its principal place of business in Bentonville, Arkansas. At all times relevant hereto, Wal-Mart was licensed to conduct business in Georgia, owned and operated tractor trailers in Gwinnett County, Georgia, and transacted business at an office and store located at 2635 Pleasant Hill Road in Gwinnett County, Georgia.

3.

Wal-Mart is subject to the jurisdiction of this court.

4.

Defendants John Doe Corporation and John Does 1-3 are unknown agents, employees, or corporations of, or related to, Defendant, Wal-Mart, who are liable for Plaintiff's injuries and damages. These John Doe Defendants will be named and served with Summons and Complaint once their identities are known.

5.

At all times relevant herein, Wal-Mart transacted business and maintained an office in Gwinnett County. Venue is proper in this Court pursuant to Article VI, Section II, Paragraph VI of the Constitution of the State of Georgia, O.C.G.A. § 14-2-510(b)(3), and <u>Pandora Franchising LLC v. Kingdom Retail Group, LLLP</u>, 299 Ga. 723 (2016). Jurisdiction as to all parties is proper in this Court.

## BACKGROUND

6.

On or about December 23, 2019, Brian Sanford was a trucker driver responsible for the delivery and unloading of Wal-Mart trailer number 313100 at a Wal-Mart store located at 2635 Pleasant Hill Road in Duluth, Georgia (hereinafter "the subject location").

7.

Sometime after 8:00 p.m. that night, upon request from a Wal-Mart employee, Mr. Sanford was assisting inside Wal-Mart trailer number 313100 when he slipped and fell on ice that had accumulated on the floor of the trailer.

8.

There were no postings or warnings of the icy, hazardous conditions outside or inside Wal-Mart trailer number 313100. The Wal-Mart employee also did not notify or warn Mr. Sanford of the hazardous condition.

9.

At all times relevant to this litigation, Wal-Mart had exclusive ownership, possession, and control over Wal-Mart trailer number 313100 and was responsible for its upkeep and maintenance.

10.

Mr. Sanford had no prior knowledge of the hazardous condition inside trailer number 313100 and was at all times exercising ordinary care for his own safety.

11.

As a result of his fall, Mr. Sanford suffered injuries including, but not limited to, multiple inguinal hernias and testicular injuries requiring surgical repair. To date, Mr. Sanford has incurred the following medical expenses:

| Date | Provider | Amount |
|---|---|---|
| 12/24/2019 | Eastside Med Center | $ 5,614.92 |
| 12/24/2019 | South Gwinnett Radiology | $ 165.00 |
| 12/24/2019 | Envision Physician Services | $ 1,638.00 |
| 1/23/2020 | Gwinnett Anesthesia Practice | $ 1,903.00 |
| 1/23/2020 | Gwinnett Pathology Assoc. | $ 40.00 |
| 1/23/2020 | Northside Hosp Gwinnett | $ 23,795.50 |
| 1/27/2020 | North Metro Radiology Assoc. | $ 635.00 |
| 1/27/2020 | Gwinnett Emerg. Specialists | $ 1,450.00 |
| 2/5/2020 | North Metro Radiology Assoc. | $ 839.00 |
| 2/5/2020 | Gwinnett Medical Group | $ 633.00 |
| 6/9/2020 | Eastside Med Center | $ 1,416.32 |
| 6/9/2020 | South Gwinnett Radiology | $ 119.00 |
| 8/5/2020 | Surg Specialists of Gwinnett | $ 1,548.00 |
| 8/5/2020 | Gwinnett Pathology Assoc. | $ 40.00 |
| 8/5/2020 | Northside Hosp Gwinnett | $ 32,490.00 |
| 8/20/2020 | Gwinnett County Fire & EMS | $ 1,170.00 |
| 01/27/2020-1/28/2020 | Northside Hosp Gwinnett | $ 15,283.00 |
| 02/05/2020-02/07/2020 | Northside Hosp Gwinnett | $ 21,176.00 |
| 02/26/2020-2/27/2020 | Northside Hosp Gwinnett | $ 45,694.00 |
| 03/04/2020-03/06/2020 | Northside Hosp Gwinnett | $ 27,142.70 |
| 3/10/2020-3/14/2020 | Northside Hosp Gwinnett | $ 29,007.50 |
| 8/20/2020-08/25/2020 | Northside Hosp Gwinnett | $ 66,330.59 |
| Multiple dates | Georgia Urology | $ 2,784.00 |
| Multiple dates | Rx | |
| Multiple dates | Home Health Care | |
| | **TOTAL** | **$ 280,914.53** |

12.

Brian Sanford was employed by the Hub Group at the time of his injuries. He earned no less than $1,000.00 a week before the subject incident occurred. Because of his injuries, Mr. Sanford was unable to return to work after subject incident for no less than ten (10) months due to surgeries, infections, and recovery. Therefore, Mr. Sanford claims no less than **$40,000.00** in lost wages.

13.

Brian Sanford experienced a great amount of physical pain and suffering, mental distress, and emotional distress. There is a reasonable probability that Brian Sanford's injuries will result in continued pain and suffering as well as permanent disability and impairment, including potentially affecting his ability to produce children.

## **NEGLIGENCE**

14.

Mr. Sanford realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated herein.

15.

On December 23, 2019, Mr. Sanford was an invitee inside Wal-Mart trailer number 313100 at 2635 Pleasant Hill Road in Duluth, Georgia.

16.

Defendants owed a nondelegable duty of reasonable care in keeping its trailers safe and free from hazardous conditions for invitees such as Mr. Sanford, especially inasmuch as Defendants knew that people, including those who haul Wal-Mart trailers, would enter inside the trailer to load and unload product.

17.

Defendants breached the above-stated duty of care owed to Mr. Sanford and were negligent in failing to properly inspect the insider of trailer 313100, failing to maintain trailer 313100's refrigeration system and drip lines in a safe and proper condition, in failing to remove the ice and other hazardous condition(s)

from the trailer, in failing to take adequate measures to protect invitees, including Mr. Sanford, from the hazards on the trailer floor, in failing to warn invitees, including Plaintiff, of the hazardous condition, and in failing to keep the premises safe for invitees such as Mr. Sanford.

18.

Defendants had prior, superior knowledge of the mechanical problem(s) causing ice to form inside of its trailers, including trailer 313100, yet failed to repair the problem(s). Defendants further had constructive, superior knowledge of the hazardous condition which caused Mr. Sanford's fall and injuries.

19.

Defendants' negligence was the direct and proximate cause of Brian Sanford's injuries and pain and suffering.

## **VICARIOUS LIABILITY**

20.

Brian Sanford realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated herein.

21.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining, and repairing Wal-Mart trailer number 313100 wherein Brian Sanford slipped and fell were employed by Defendants and were acting within the scope of their employment and to further the business interests of Defendants.

22.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

23.

## PRAYER FOR RELIEF

Brian Sanford brings this action to recover for his personal injuries, including his past, present and future physical, mental and emotional pain and suffering; the past, present and future physical restrictions that he has suffered; and the past, present and future expenses that he has lawfully incurred in obtaining medical treatment for his injuries.

WHEREFORE, Plaintiff prays:

(a) That Summons issue and service be perfected on each Defendant herein;

(b) That Brian Sanford recover the full value of his special damages including past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(c) That Brian Sanford recover the full value of his general damages including his mental and physical pain and suffering, permanent disfigurement, and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(d) That Brian Sanford recover such other and further relief as this Court deems just and proper;

(e) That all issues be tried before a jury of twelve competent, eligible jurors.

Respectfully submitted, this 16th day of February, 2021.

CHANDLER, BRITT & JAY, LLC
Attorneys for Plaintiff

/s/ John A. Mays, Jr.

JOHN A. MAYS, JR.
Georgia Bar No. 537003
4350 South Lee Street
Buford, Georgia 30518
770.271.2991
770.271.2986 (fax)
jmays@cbjblawfirm.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BRIAN SANFORD,                             Civil Action File No.
                                                                   21-C-01265-S2
       Plaintiff,

v.

WAL-MART, INC.,
JOHN DOE CORPORATION,
AND JOHN DOES 1-3,

       Defendants.
_____/

## ANSWER OF DEFENDANT WAL-MART, INC.

COMES NOW, Defendant WAL-MART, INC., and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

Page -1-

himself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Venue is improper in this Court.

## SEVENTH DEFENSE

This Court lacks in personam jurisdiction.

## EIGHTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's

Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint, as stated.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant realleges and incorporates herein the answers contained in paragraphs 1 through 13 above as if fully restated herein.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint. Plaintiff was not an invitee of this defendant.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint, as stated. The applicable statute and case law speak for themselves.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant realleges and incorporates herein the answers contained in

paragraphs 1 through 19 above as if fully restated herein.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

25.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d) and (e) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

                    McLAIN & MERRITT, P.C.


                    /s/   Howard M. Lessinger
                    Howard M. Lessinger
                    Georgia Bar No. 447088


                    /s/ Mark L. Pickett
                    Mark L. Pickett
                    Georgia Bar No. 578190
                    Attorneys for Defendant
                    WAL-MART, INC.


3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART, INC. has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the __5th__ day of March, 2020.

                          McLAIN & MERRITT, P.C.

                          /s/ Howard M. Lessinger
                          Howard M. Lessinger
                          Georgia Bar No. 447088
                          Attorney for Defendant
                          WAL-MART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com